IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 4:17CR39 Judge Mazzant |
| ANTHONY SHELTON (1) NIGEL GARRETT (2) CHANCLER GERRARD ENCALADE JR. (3) CAMERON OCION AJIDUAH (4) | § § § § § | |

FILED
MAY 10 2017
Clerk, U.S. District Court
Texas Eastern

## FIRST SUPERSEDING INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 18 U.S.C. § 371 (Conspiracy to Commit Hate Crimes)

From on or about January 14, 2017, and thereafter up to and including February 7, 2017, in the Eastern District of Texas, defendants **Anthony Shelton, Nigel Garrett, Chancler Gerrard Encalade, Jr.**, and **Cameron Ocion Ajiduah**, knowingly and willfully combined, conspired, and agreed with each other, and with others known and unknown to the United States Grand Jury, to commit offenses against the United States, to wit, hate crime acts in violation of 18 U.S.C. § 249(a)(2), and kidnappings in violation of 18 U.S.C. § 1201(a).

### Objects of the Conspiracy

1. It was the plan and purpose of the conspiracy that the defendants, aided and abetted by each other and others known and unknown to the United States

Grand Jury, would cause bodily injury to other persons, to wit: C.V., K.H., J.S., and D.C., because of the actual and perceived sexual orientation of those persons.

2. It was further the plan and purpose of the conspiracy that the defendants, aided and abetted by each other and others known and unknown to the United States Grand Jury, would kidnap persons, and steal property from those persons, including their motor vehicles, to wit: C.V., K.H., J.S., and D.C.

### Overt Acts

In furtherance of the conspiracy, and to accomplish the objects thereof, the defendants and other members of the conspiracy, known and unknown to the United States Grand Jury committed, and caused to be committed, the following overt acts, among others, within the Eastern District of Texas:

1. On or about January 14, 2017, at least one of the defendants used Grindr, a website-based cellular phone application ("app"), which is used as a social media dating app for gay men, to falsely identify himself as a gay man and arrange to meet with C.V. at C.V.'s home.

2. On or about January 14, 2017, at least one of the defendants entered C.V.'s home, assaulted and caused bodily injury to C.V. because of C.V.'s actual and perceived sexual orientation, and made derogatory statements referring to C.V.'s actual and perceived sexual orientation.

3. On or about January 14, 2017, at least one of the defendants held, kept, detained, and confined C.V. against his will, for the benefit of enriching the conspirators by stealing C.V.'s property, including C.V.'s motor vehicle.

4. On or about January 17, 2017, at least one of the defendants used Grindr to falsely identify himself as a gay man and arrange to meet with K.H. at K.H.'s home.

5. On or about January 17, 2017, at least one of the defendants entered K.H.'s home, assaulted and caused bodily injury to K.H. because of K.H.'s actual and perceived sexual orientation, and made derogatory statements referring to K.H.'s actual and perceived sexual orientation.

6. On or about January 17, 2017, at least one of the defendants held, kept, detained, and confined K.H. against his will, for the benefit of enriching the conspirators by stealing K.H.'s property, including K.H.'s motor vehicle.

7. On or about January 30, 2017, at least one of the defendants used Grindr to falsely identify himself as a gay man and arrange to meet with J.S. at J.S.'s home.

8. On or about January 30, 2017, at least one of the defendants entered J.S.'s home, assaulted and caused bodily injury to J.S. because of J.S.'s actual and perceived sexual orientation, and made derogatory statements referring to J.S.'s actual and perceived sexual orientation.

9. On or about January 30, 2017, at least one of the defendants held, kept, detained, and confined J.S. against his will, for the benefit of enriching the conspirators by stealing J.S.'s property, including J.S.'s motor vehicle.

10. On or about February 7, 2017, at least one of the defendants used Grindr to falsely identify himself as a gay man and arrange to meet with D.C. at D.C.'s home.

11. On or about February 7, 2017, at least one of the defendants entered D.C.'s home, assaulted and caused bodily injury to D.C. because of D.C.'s actual and perceived sexual orientation, and made derogatory statements referring to D.C.'s actual and perceived sexual orientation.

12. On or about February 7, 2017, at least one of the defendants held, kept, detained, and confined D.C. against his will, for the benefit of enriching the conspirators by stealing D.C.'s property, including D.C.'s motor vehicle.

In violation of 18 U.S.C. § 371.

### Count Two

> Violation: 18 U.S.C. § 924(o)
> (Conspiracy to commit 924(c)- use, carry, brandish, and possess firearms during, in relation to and in furtherance of a crime of violence)

From on or about January 14, 2017, and thereafter up to and including February 7, 2017, in the Eastern District of Texas, defendants **Anthony Shelton**, **Nigel Garrett**, **Chancler Gerrard Encalade, Jr.**, and **Cameron Ocion Ajiduah**, knowingly conspired

with each other and others known and unknown to the United States Grand Jury to use, carry, brandish, and possess a firearm during, in relation to, and in furtherance of a crime of violence, namely a hate crime, in violation of 18 U.S.C. § 249(a)(2).

In violation of 18 U.S.C. § 924(o).

### Count Three

>Violation: 18 U.S.C. § 249(a)(2)
>(Hate Crime Acts) and § 2 (Aiding and Abetting)

On or about January 14, 2017, in the Eastern District of Texas, defendants **Anthony Shelton** and **Nigel Garrett**, aided and abetted by each other and by others known and unknown to the United States Grand Jury, willfully caused bodily injury to C.V., by assaulting C.V., because of C.V.'s actual and perceived sexual orientation, namely that he is gay; in connection with the offense conduct, which included kidnapping, the defendants used a channel, facility, and instrumentality of interstate commerce, to wit: a cellular phone, a website-based cellular phone application ("app"), and the internet.

In violation of Title 18, United States Code, §§ 249(a)(2) and 2.

### Count Four

>Violation: 18 U.S.C. § 249(a)(2)
>(Hate Crime Acts) and § 2 (Aiding and Abetting)

On or about January 17, 2017, in the Eastern District of Texas, defendants **Anthony Shelton, Nigel Garrett**, and **Chancler Gerrard Encalade, Jr.**, aided and

First Superseding Indictment/Notice of Penalty – Page 5

abetted by each other and by others known and unknown to the United States Grand Jury, willfully caused bodily injury to K.H., by assaulting K.H., because of K.H.'s actual and perceived sexual orientation, namely that he is gay; in connection with the offense conduct, which included kidnapping, the defendants used a channel, facility, and instrumentality of interstate commerce, to wit: a cellular phone, a website-based cellular phone application ("app"), and the internet.

## Count Five

Violation: 18 U.S.C. § 249(a)(2) (Hate Crime Acts) and § 2 (Aiding and Abetting)

On or about January 30, 2017, in the Eastern District of Texas, defendants **Anthony Shelton** and **Nigel Garrett**, aided and abetted by each other and by others known and unknown to the United States Grand Jury, willfully caused bodily injury to J.S., by assaulting J.S, because of J.S.'s actual and perceived sexual orientation, namely that he is gay; in connection with the offense conduct, which included kidnapping, the defendants used a channel, facility, and instrumentality of interstate commerce, to wit: a cellular phone, a website-based cellular phone application ("app"), and the internet.

In violation of Title 18, United States Code, §§ 249(a)(2) and 2.

## Count Six

Violation: 18 U.S.C. § 249(a)(2) (Hate Crime Acts) and § 2 (Aiding and Abetting)

On or about February 7, 2017, in the Eastern District of Texas, defendants **Anthony Shelton**, **Nigel Garrett**, and **Cameron Ocion Ajiduah**, aided and abetted by each other and by others known and unknown to the United States Grand Jury, willfully caused bodily injury to D.C., by assaulting D.C., because of D.C.'s actual and perceived sexual orientation, namely that he is gay; in connection with the offense conduct, which included kidnapping, the defendants used a channel, facility, and instrumentality of interstate commerce, to wit: a cellular phone, a website-based cellular phone application ("app"), and the internet.

In violation of Title 18, United States Code, §§ 249(a)(2) and 2.

### Count Seven

> Violation: 18 U.S.C. § 1201(a)(1) (Kidnapping) and § 2 (Aiding and Abetting)

On or about the January 14, 2017, in the Eastern District of Texas, defendants **Anthony Shelton** and **Nigel Garrett**, aided and abetted by each other and by others known and unknown to the United States Grand Jury, knowingly and unlawfully seized, confined, kidnapped, and held C.V., for some purpose and benefit, and in committing and in furtherance of the offense, used a means, facility, and instrumentality of interstate commerce, to wit: a cellular phone, a website-based cellular phone application ("app"), and the internet.

In violation of 18 U.S.C. §§ 1201(a)(1) and 2.

## Count Eight

>Violation: 18 U.S.C. § 1201(a)(1)
>(Kidnapping) and § 2 (Aiding and
>Abetting)

On or about the January 17, 2017, in the Eastern District of Texas, defendants **Anthony Shelton, Nigel Garrett**, and **Chancler Gerrard Encalade**, aided and abetted by each other and by others known and unknown to the United States Grand Jury, knowingly and unlawfully seized, confined, kidnapped, and held K.H., for some purpose and benefit, and in committing and in furtherance of the offense, used a means, facility, and instrumentality of interstate commerce, to wit: a cellular phone, a website-based cellular phone application ("app"), and the internet.

In violation of 18 U.S.C. §§ 1201(a)(1) and 2.

## Count Nine

>Violation: 18 U.S.C. § 1201(a)(1)
>(Kidnapping) and § 2 (Aiding and
>Abetting)

On or about the January 30, 2017, in the Eastern District of Texas, defendants **Anthony Shelton, Nigel Garrett**, aided and abetted by each other and by others known and unknown to the United States Grand Jury, knowingly and unlawfully seized, confined, kidnapped, and held J.S., for some purpose and benefit, and in committing and in furtherance of the offense, used a means, facility, and instrumentality of interstate commerce, to wit: a cellular phone, a website-based cellular phone application ("app"), and the internet.

In violation of 18 U.S.C. §§ 1201(a)(1) and 2.

### Count Ten

>Violation: 18 U.S.C. § 1201(a)(1) (Kidnapping) and § 2 (Aiding and Abetting)

On or about the February 7, 2017, in the Eastern District of Texas, defendants **Anthony Shelton, Nigel Garrett**, and **Cameron Ocion Ajiduah**, aided and abetted by each other and by others known and unknown to the United States Grand Jury, knowingly and unlawfully seized, confined, kidnapped, and held D.C., for some purpose and benefit, and in committing and in furtherance of the offense, used a means, facility, and instrumentality of interstate commerce, to wit: a cellular phone, a website-based cellular phone application ("app"), and the internet.

In violation of 18 U.S.C. §§ 1201(a)(1) and 2.

### Count Eleven

>Violation: 18 U.S.C. § 2119 (Carjacking) and § 2 (Aiding and Abetting)

On or about January 14, 2017, in the Eastern District of Texas, defendants **Anthony Shelton** and **Nigel Garrett**, aided and abetted by each other and by others known and unknown to the United States Grand Jury, with the intent to cause serious bodily harm, knowingly and intentionally took a motor vehicle, to wit: a 2014 Land Rover, VIN: SALWR2VF7EA308818, that had been transported, shipped, and received in interstate and foreign commerce, by force, violence, and intimidation, from and in the presence of C.V., that resulted in serious bodily injury to C.V.

In violation of 18 U.S.C. §§ 2119 and 2.

## Count Twelve

Violation: 18 U.S.C. § 2119 (Carjacking)<br>
and § 2 (Aiding and Abetting)

On or about January 17, 2017, in the Eastern District of Texas, defendants **Anthony Shelton, Nigel Garrett**, and **Chancler Gerrard Encalade, Jr.**, aided and abetted by each other and by others known and unknown to the United States Grand Jury, with the intent to cause serious bodily harm, knowingly and intentionally took a motor vehicle, to wit: a 2013 Toyota Tundra, VIN: 5TFHW5F16DX302128, that had been transported, shipped, and received in interstate and foreign commerce, by force, violence, and intimidation, from and in the presence of K.H., that resulted in serious bodily injury to K.H.

In violation of 18 U.S.C. §§ 2119 and 2.

## Count Thirteen

Violation: 18 U.S.C. § 2119 (Carjacking)<br>
and § 2 (Aiding and Abetting)

On or about January 30, 2017, in the Eastern District of Texas, defendants **Anthony Shelton** and **Nigel Garrett**, aided and abetted by each other and by others known and unknown to the United States Grand Jury, with the intent to cause serious bodily harm, knowingly and intentionally took a motor vehicle, to wit: a 2015 Dodge Dart, VIN: 1C3CDFEB7FD224273, that had been transported, shipped, and received in interstate and foreign commerce, by force, violence, and intimidation, from and in the presence of J.S., that resulted in serious bodily injury to J.S.

In violation of 18 U.S.C. §§ 2119 and 2.

### Count Fourteen

> Violation: 18 U.S.C. § 2119 (Carjacking) and § 2 (Aiding and Abetting)

On or about February 7, 2017, in the Eastern District of Texas, defendants **Anthony Shelton, Nigel Garrett, and Cameron Ocion Ajiduah**, aided and abetted by each other and by others known and unknown to the United States Grand Jury, with the intent to cause serious bodily harm, knowingly and intentionally took a motor vehicle, to wit: a 2013 Chevrolet Equinox, VIN: 2GNALBEK2D1238581, that had been transported, shipped, and received in interstate and foreign commerce, by force, violence, and intimidation, from and in the presence of D.C., that resulted in serious bodily injury to D.C.

In violation of 18 U.S.C. §§ 2119 and 2.

### Count Fifteen

> Violation: 18 U.S.C. § 924(c) (Use, carry, brandish, and possess firearms during, in relation to and in furtherance of a crime of violence) and § 2 (Aiding and Abetting)

On or about January 14, 2017, in the Eastern District of Texas, defendants **Anthony Shelton** and **Nigel Garrett**, aided and abetted by each other and by others known and unknown to the United States Grand Jury, knowingly used, carried, brandished, and possessed a firearm, during, in relation to, and in furtherance of a crime

of violence, which was the offense charged in Count Three of this superseding indictment.

In violation of 18 U.S.C. §§ 924(c) and 2.

In violation of Title 18, United States Code, §§ 249(a)(2) and 2.

### Count Sixteen

> Violation: 18 U.S.C. § 924(c)
> (Use, carry, brandish, and possess firearms during, in relation to and in furtherance of a crime of violence) and § 2 (Aiding and Abetting)

On or about January 17, 2017, in the Eastern District of Texas, defendants **Anthony Shelton**, **Nigel Garrett**, and **Chancler Gerrard Encalade, Jr.**, aided and abetted by each other and by others known and unknown to the United States Grand Jury, knowingly used, carried, brandished, and possessed a firearm, during, in relation to, and in furtherance of a crime of violence, which was the offense charged in Count Four of this superseding indictment.

In violation of 18 U.S.C. §§ 924(c) and 2.

### Count Seventeen

> Violation: 18 U.S.C. § 924(c)
> (Use, carry, brandish, and possess firearms during, in relation to and in furtherance of a crime of violence) and § 2 (Aiding and Abetting)

On or about January 30, 2017, in the Eastern District of Texas, defendants **Anthony Shelton** and **Nigel Garrett**, aided and abetted by each other and by others

known and unknown to the United States Grand Jury, knowingly used, carried, brandished, and possessed a firearm, during, in relation to, and in furtherance of a crime of violence, which was the offense charged in Count Five of this superseding indictment.

In violation of 18 U.S.C. §§ 924(c) and 2.

### Count Eighteen

> Violation: 18 U.S.C. § 924(c)
> (Use, carry, brandish, and possess firearms during, in relation to and in furtherance of a crime of violence) and § 2 (Aiding and Abetting)

On or about February 7, 2017, in the Eastern District of Texas, defendants **Anthony Shelton, Nigel Garrett,** and **Cameron Ocion Ajiduah,** aided and abetted by each other and by others known and unknown to the United States Grand Jury, knowingly used, carried, brandished, and possessed a firearm, during, in relation to, and in furtherance of a crime of violence, which was the offense charged in Count Six of this superseding indictment.

In violation of 18 U.S.C. §§ 924(c) and 2.

### NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

As a result of committing the offense charged in this First Superseding Indictment, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d), all property used to commit or facilitate the offenses, proceeds from the offenses, and property derived from proceeds obtained directly or indirectly from the offenses.

All such proceeds and/or instrumentalities are subject to forfeiture by the government.

A TRUE BILL

_____
GRAND JURY FOREPERSON

| | |
|---|---|
| BRIT FEATHERSTON<br>ACTING US ATTORNEY | T.E. WHEELER, II<br>ACTING ASST. ATTORNEY GENERAL |

_____     5/10/17
TRACEY M. BATSON                    Date
Assistant United States Attorney

SAEED A. MODY
Trial Attorney

IN THE UNITED STATES OF AMERICA
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:17CR39 |
| | § | Judge Mazzant |
| ANTHONY SHELTON (1) | § | |
| NIGEL GARRETT (2) | § | |
| CHANCLER GERRARD ENCALADE JR. (3) | § | |
| CAMERON OCION AJIDUAH (4) | § | |

### Count One

Violation:   18 U.S.C. § 371

Penalty:   Imprisonment for not more than five years; a fine as permitted under this title, or both; a term of supervised release of not more than five years.

Special Assessment: $100.00

### Count Two

Violation:   18 U.S.C. § 924(o)

Penalty:   Imprisonment for not less than 5 years and not more than life; a fine not to exceed $250,000, or both; a term of supervised release of not more than five years.

Special Assessment: $100.00

### Counts Three, Four, Five, Six

Violation:   18 U.S.C. § 249(a)(2)

Penalty:   Imprisonment for any term of years or life; a fine as permitted under this title, or both; a term of supervised release of not more than five years.

Special Assessment: $100.00

First Superseding Indictment/Notice of Penalty – Page 15

### Counts Seven, Eight, Nine, Ten

Violation:   18 U.S.C. § 1201(a)(1)

Penalty:   Imprisonment for any term of years or life; a fine as permitted under this title, or both; a term of supervised release of not more than five years.

Special Assessment: $100.00

### Counts Eleven, Twelve, Thirteen, Fourteen

Violation:   18 U.S.C. § 2119

Penalty:   Imprisonment for not more than 25 years; a fine not to exceed $250,000, or both. A term of supervised release of not more than five years.

Special Assessment: $100.00

### Counts Fifteen, Sixteen, Seventeen, Eighteen

Violation:   18 U.S.C. § 924(c)

Penalty:   Imprisonment of not less than 5 years, unless the firearm is brandished, in which case the minimum is 7 years, or unless the firearm is discharged, in which case the minimum sentence is 10 years, which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000.00, or both; and supervised release of at least three (3) years, but not more than five (5) years.

In the case of a second or subsequent conviction, imprisonment of not less than 25 years which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000, or both; and supervised release of at least three (3) years, but not more than five (5) years.

Special Assessment: $100.00